

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-11-2009

# Pronjari v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3227

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Pronjari v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1192.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1192

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 08-3227

———————

ELION PRONJARI,
                              Petitioner
          v.

ATTORNEY GENERAL OF
THE UNITED STATES,
                              Respondent

———————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A99-075-694)
Immigration Judge:  Honorable Frederic G. Leeds

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 11, 2009

Before:  FUENTES, WEIS and GARTH, <u>Circuit Judges</u>

(Opinion filed: June 11, 2009)

———————

OPINION

———————

PER CURIAM.

        On August 22, 2005, the Department of Homeland Security served

petitioner Elion Pronjari, a native and citizen of Albania, with a notice to appear charging

1

him as unlawfully present in the United States. Pronjari conceded removability as charged, but applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), on the ground that he had suffered past persecution and feared future persecution due to his political activities in Albania. Specifically, Pronjari testified before the Immigration Judge ("IJ") that he was beaten by an armed gang and arrested by the police for his membership in Albania's Democratic Party ("DP"). During his twenty hour detention by police, Pronjari alleges that he was beaten by rubber sticks and suffered injuries to his left leg. Pronjari submitted an affidavit from his mother confirming the above incidents.

The IJ, finding several material inconsistencies between Pronjari's testimony, his asylum application, and his mother's statement, determined that Pronjari was not credible. The IJ denied all petitions for relief, determining that the asylum application was untimely.[1] Pronjari appealed to the Board of Immigration Appeals ("BIA"). The BIA, adopting and affirming the IJ's decision, dismissed Pronjari's appeal. Pronjari filed a timely petition for review of the BIA's decision.

To be eligible for withholding of removal, Pronjari must demonstrate that "there is a greater-than-fifty-percent chance of persecution" in Albania based on one of the protected grounds. Senathirajah v. INS, 157 F.3d 210, 215 (3d Cir. 1998); see also 8

---

[1] Pronjari did not contest the timeliness determination before the BIA and he cannot do so in this Court. See Sukwanputra v. Gonzales, 434 F.3d 627, 633 (3d Cir. 2006) (Congress did not authorize an opportunity for judicial review of determinations made by the executive branch regarding the timeliness of an asylum application.)

U.S.C. § 1231(b)(3)(C). For relief under the CAT, Pronjari must demonstrate that it is more likely than not that he would be tortured if removed to Albania. See 8 C.F.R. § 208.16(c)(2). Where the BIA adopts the IJ's findings and discusses some of the bases for the IJ's decision, we review the decision of both the IJ and the BIA. He Chun Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004).

The IJ's credibility determination is supported by substantial evidence.[2] The IJ focused on Pronjari's statement in his asylum application, which his mother's letter corroborated, that his entire family was involved with the DP compared with his testimony that only he and his brother were active in the Party. Pronjari explains the inconsistency by stating that his mother and father, although not DP members, supported the candidates, but stopped actively supporting the DP sometime between 1997 and 2000. This explanation fails to account for Pronjari's written statement which indicates that his family was active in supporting DP candidates in the 2001 Parliamentary Elections. (Supp. App. 198.)

The IJ also pointed to an inconsistency relating to a June 2001 incident during which Pronjari was allegedly beaten by an armed gang of Socialist Party supporters. In his testimony, Pronjari stated that he received medical attention for his injuries but the statement in support of his asylum application and his mother's statement

---

[2] Since Pronjari's asylum application was filed after the effective date of the REAL ID Act (May 11, 2005), the IJ was allowed to make a credibility determination "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii).

do not mention medical treatment after the 2001 incident (both statements mention other instances in which Pronjari required medical treatment). (Supp. App. 142; 198-99.) Finally, the IJ pointed out the inconsistencies between Pronjari's testimony and the 2006 State Department Country Report ("2006 Report"). According to the 2006 Report, while violence and organized crime are endemic in Albania, there have been no outbreaks of political violence and neither the government nor the major political parties have engaged in policies of abuse or coercion against political opponents since 1998. The 2006 Report was thus damaging to Pronjari's credibility inasmuch as all incidents he testified to occurred after 2000. Therefore, because Pronjari failed to explain the inconsistencies between his testimony, his written asylum statement, his mother's statement, and the 2006 Report, the IJ's adverse credibility determination is supported by substantial evidence. See Toure v. Att'y Gen., 443 F.3d 310, 325 (3d Cir. 2006) ("We look at an adverse credibility determination to ensure that it was appropriately based on inconsistent statements, contradictory evidence, and inherently improbable testimony . . . in view of the background evidence on country conditions.")

The IJ also properly determined that Pronjari failed to establish a clear probability of future persecution. The IJ, in making his determination, pointed to the adverse credibility determination as well as Pronjari's political advocacy for Sali Berisha who, as a member of the DP, had recently been elected the Prime Minister of Albania. The IJ also noted that the DP controls 81 of 140 seats in the Albanian Parliament. Thus the IJ's conclusion that Pronjari is not likely to be persecuted based on his political

4

advocacy for the DP appears to be based on substantial evidence.

The IJ relied on substantially similar reasons for determining that Pronjari would not be tortured if he were removed to Albania. Therefore, the IJ's denial of CAT relief was also proper. Pierre v. Att'y Gen., 528 F.3d 180, 190 (3d Cir. 2008) (en banc).

For these reasons we will deny Pronjari's petition for review.